■ RIVER VALLEY ASSOCIATES, Appellant, v CONSOLIDATED RAIL CORPORATION et al., Respondents.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Peter Patsalos, J.), entered August 20, 1990 in Orange County, upon a dismissal of the complaint at the close of plaintiff's case.

In December 1983, defendant Consolidated Rail Corporation (hereinafter Conrail) entered into a track removal contract with defendant G.W. Northrup, Inc. (hereinafter Northrup). Under that contract, Northrup agreed to purchase approximately 12.6 miles of Conrail track and to remove the track structure, including rails, railroad ties and crossings, from Conrail's right-of-way located in the Town of Montgomery, Orange County. At the time of the contract, Conrail's right-of-way, which was subsequently sold to the Town of Montgomery, bisected a large parcel of property then owned by Edward Kolb, who in turn leased a portion of the property west of Conrail's right-of-way to Christine Shatney.

During the track removal project, a representative of Northrup allegedly asked Shatney whether Northrup could store railroad ties on her property. Shatney consented and Northrup subsequently placed approximately 20,000 ties on the property. Kolb also had no objection to storage of ties by Northrup, although there was some discrepancy at trial as to whether Kolb consented to storage of the entire 20,000 or merely a few hundred. After the ties were deposited, Shatney, with Northrup's knowledge and consent, apparently sold about 300 of the ties at $1 each.

In March 1986, plaintiff, by its five partners, entered into a contract to purchase Kolb's property. Shortly thereafter, plaintiff gave Shatney notice to quit her tenancy. Plaintiff also undertook unsuccessful efforts to ascertain the owner of the ties and to effect their removal. One year later, plaintiff

entered into a contract to sell the property. That contract provided that plaintiff was to make good-faith efforts to remove the ties located on the property.

Plaintiff then commenced this action alleging several causes of action, including negligence and trespass, and seeking damages. Following joinder of issue and discovery, the matter proceeded to trial before Supreme Court without a jury. At the close of plaintiff's proof, defendants moved for judgment dismissing the complaint on the ground that plaintiff had failed to make out a prima facie case. Supreme Court granted the motion and awarded judgment to defendants. This appeal by plaintiff followed.

Initially, we agree with Supreme Court's dismissal of the trespass cause of action against Conrail. The uncontradicted proof at trial established that Conrail sold the railroad ties to Northrup, pursuant to the track removal contract, prior to Northrup's placement of the ties on the property in which Conrail had no involvement. On this proof, Conrail cannot be held responsible to plaintiff for trespass (see, Restatement [Second] of Torts § 158).

We reach a different conclusion with respect to Northrup. Although it is unclear from Supreme Court's bench decision, it appears that the court's dismissal of plaintiff's trespass claim was based upon its finding that both Kolb and Shatney agreed and acquiesced to Northrup's placement of 20,000 railroad ties on the property for storage purposes. However, even assuming that plaintiff's proof conclusively established that Northrup was given an oral license to store the ties by virtue of the consent of Kolb and Shatney, such license effectively terminated when plaintiff purchased the property and commenced efforts to notify defendants that it wanted the ties removed (see, Restatement [Second] of Torts § 160 [a]; § 171 [c], comment f). Further, affording plaintiff's proof every favorable inference, it appears that plaintiff neither renewed nor ratified the license previously given. Thus, it is our view that, as to Northrup, plaintiff made out a prima facie case of trespass. In reaching this conclusion, we reject defendants' contention that it was established, as a matter of law, that all 20,000 ties were given by Northrup as a gift to Shatney. The record is clearly subject to contrary inferences on this issue. We likewise reject defendants' suggestion that plaintiff's inspection of the property prior to purchase or its agreement to purchase the property "as is" negated the trespass claim.

Next, plaintiff argues that Supreme Court erred in dismissing its negligence cause of action against defendants. We

agree. At trial, plaintiff established by way of expert testimony that, under State regulations in effect in 1983 (i.e., 6 NYCRR former part 364), the railroad ties placed on the property now owned by plaintiff were regulated industrial waste required to be disposed of pursuant to permit. Ahajay Shah, an engineer employed by the Department of Environmental Conservation (hereinafter DEC), testified that it was illegal under the regulations for an owner of premises on which regulated waste originated to relinquish possession of that waste to a person who did not possess the necessary DEC permit. According to Shah, no such permit was obtained here. Furthermore, Shah indicated that, under the regulations, railroad ties could not properly be disposed of in stacks above ground, as was done by Northrup on plaintiff's property. From the foregoing, it follows that plaintiff submitted at least some evidence of Conrail's negligence in selling the railroad ties to a party not having a valid DEC permit and of Northrup's negligence in the method it employed to dispose of the ties so as to create triable questions of fact on those issues (see, Long v Forest-Fehlhaber, 55 NY2d 154, 160). Additionally, the proof at trial was such that a trier of fact could reasonably infer that defendants' alleged negligence was the proximate cause of the claimed injury to plaintiff's property. Accordingly, plaintiff's negligence claim against defendants should not have been dismissed.

As a final matter, we note that defendants' counsel objected at trial to the admission of any proof regarding State environmental regulations or defendants' violation thereof because such matters were not specifically pleaded in the complaint. It is apparent from the record of the trial proceedings, however, that defendants were on notice during discovery that plaintiff would be pursuing matters relating to the proper disposal of the ties. Therefore, despite plaintiff's failure to move to conform the pleadings to its proof, we exercise our authority to do so, sua sponte, as we find no prejudice to defendants (see, CPLR 3025 [c]; Ansonia Assocs. v Ansonia Residents' Assn., 78 AD2d 211, 216; D'Antoni v Goff, 52 AD2d 973, 974; see also, Di Benedetto v Lasker-Goldman Corp., 46 AD2d 909, 910).

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiff, by reversing so much thereof as dismissed the trespass cause of action against defendant G.W. Northrup, Inc. and the negligence cause of action against said defendant and defendant Consolidated Rail Corporation; said causes of action

are reinstated and matter remitted to the Supreme Court for a new trial; and, as so modified, affirmed.