Einar S. PEDERSEN, Petitioner,

v.

Michael J. FLANNERY, M.D.; William Kibbey, M.D.; and Tony Diaz, M.D., Respondents.

No. S–5287.

Supreme Court of Alaska.

Nov. 30, 1993.

Michael W. Flanigan, Clark, Walther & Flanigan, Anchorage, for petitioner.

Marcus R. Clapp and David F. Leonard, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for respondents Flannery and Kibbey.

Sanford M. Gibbs, Hagans, Brown, Gibbs & Moran, Anchorage, for respondent Diaz.

Before RABINOWITZ, BURKE and COMPTON, JJ.

## OPINION

RABINOWITZ, Justice.

■ Einar S. Pedersen petitioned this court to review the superior court's decision that his claim of medical malpractice, asserted as a breach of contract, is controlled by the two-year statute of limitations. We conclude that the two-year statute of limitations applicable to "injuries to the person ... not arising on contract," and not the six-year statute for all "actions on a contract or liability," applies to Pedersen's claim. We therefore affirm.

This case is before us for the second time. *See Pedersen v. Zielski*, 822 P.2d 903 (Alaska 1991). In 1988, Einar S. Pedersen sued respondent doctors for medical malpractice arising out of the treatment of injuries Pedersen suffered in a car accident. Pedersen alleged that the doctors' medical malpractice caused permanent paralysis of his legs. The superior court granted summary judgment in favor of the doctors and Pedersen appealed. In our

prior decision, we reversed the summary judgment and remanded the case to the superior court for further proceedings.

On remand Pedersen amended his complaint to add an eleventh count alleging that all respondents "breached their implied contractual duties to plaintiff...." Pedersen did so in order to bring his medical malpractice claim within the six-year statute of limitations as construed in *Lee Houston & Associates, Ltd. v. Racine*, 806 P.2d 848 (Alaska 1991). Also on remand several doctors filed a Motion to Dismiss and Establish Law of the Case. The motion sought dismissal of Count XI of Pedersen's amended complaint and an order establishing that "all of plaintiff's claims in this litigation" are controlled by the two-year statute of limitations in AS 09.10.070. The superior court denied the motion to dismiss and held that the two-year statute of limitations applies to Count XI. We granted Pedersen's petition for review of that decision.

The issue now before us involves interpretation and application of two statutes of limitations.[1] The first statute, AS 09.10.-050, sets forth the actions that may be brought within six years:

**Actions to be brought in six years.** No person may bring an action (1) upon a contract or liability, express or implied, excepting those mentioned in AS 09.10.-040 or 09.10.055 ... unless commenced within six years.

The second provision, AS 09.10.070, sets forth the actions that must be brought within two years:

**Actions to be brought in two years.** No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise ... unless commenced within two years.

Pedersen argues, relying on *Lee Houston*, that his medical malpractice suit is an "action upon a contract or liability" subject to the six-year statute of limitations. Respondents reply that the two-year statute "for any injury to the person ... of another not arising on contract" more appropriately covers Pedersen's malpractice suit, because the rule of *Lee Houston* is limited to professional service relationship suits for economic injuries.

■■■■ *Van Horn Lodge, Inc. v. White*, 627 P.2d 641, 643 (Alaska 1981), announced the principle that the gravamen of a complaint determines the appropriate limitations period. Under *Van Horn Lodge*, if a contract created the duty at issue, then the six-year statute of limitations applies. *Id.* If, on the other hand, the contract created a relationship but it was the common law that attached a duty to the relationship, the two-year statute applies. *Id.*

*Lee Houston* in part modified *Van Horn Lodge*. *Lee Houston* held that malpractice claims alleging economic harm are subject to the six-year limitations period. 806 P.2d at 853–55.[2] *Lee Houston* did not overrule *Van Horn Lodge* completely; rather, it overruled it only to the extent that the two decisions were inconsistent. *Id.* at 855.

1. Statutory interpretation is a question of law subject to this court's independent judgment. *Borg–Warner Corp. v. Avco Corp.*, 850 P.2d 628, 631 n. 8 (Alaska 1993). When considering questions of law, we are "not bound by the lower court's decision" and will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

2. The difference between economic harm and other types of harm was central to the analysis:
    Second, application of a six-year limitation period, rather than a two-year period, to claims arising out of professional service relationships involving economic loss is consistent with the primary purpose of the statutes

of limitations. The statutes are intended to encourage prompt prosecution of claims and thus avoid injustices which may result from lost evidence, faded memories and disappearing witnesses. *Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087, 1090 (Alaska 1979). Actions like the present one involving economic loss are often based largely on documentary evidence not unaided recollections which quickly grow stale. On the other hand, a shorter limitations period is consistent with the more evanescent nature of evidence which is frequently found in cases involving personal, reputational or dignitary injuries.
    *Lee Houston*, 806 P.2d at 855 (footnote omitted).

Because *Lee Houston* focused on, and is limited to, economic harm in the context of professional malpractice, it left *Van Horn Lodge* intact with regard to cases that involve non-economic harm.[3] In the case at bar Pedersen asserts that the doctors' malpractice caused him personal injuries in the nature of permanent paralysis. More particularly, Pedersen's complaint for personal injuries alleges a breach of the doctors' implied-in-law duty to act with requisite skill. There are no allegations that the respondents promised either a specific result or a greater duty of care. Given the foregoing, the six-year statute of limitations provided for in AS 09.10.050 is inapplicable since Pedersen's claim is for non-economic injuries arising out of the doctors' professional malpractice. Thus, Pedersen's claims are governed by the two-year statute of limitations for injuries to the person not arising on contract contained in AS 09.10.070.

The order of the superior court is **AFFIRMED** and this case is **REMANDED** for further proceedings not inconsistent with the foregoing.

MOORE, C.J., and MATTHEWS, J., not participating.

---

**3.** *Lee Houston* noted *Van Horn Lodge's* tension with another case, *Bibo v. Jeffrey's Restaurant,* 770 P.2d 290 (Alaska 1989). *Lee Houston,* 806 P.2d at 848. *Bibo* also involved economic harm, and its analysis was limited to the narrow cate-

gory of actions against corporate directors. *See Bibo,* 770 P.2d at 295–96. Therefore, *Bibo* is not in conflict with application of the *Van Horn Lodge* standard to cases with allegations of non-economic harm.