Joaquim S. FERNANDES, d/b/a
Fernandes Company, Inc.,
Appellant/Cross–Appellee,

v.

Daniel and Joanne PORTWINE,
Appellees/Cross–Appellants.

Nos. S–9990, S–10009.

Supreme Court of Alaska.

Sept. 20, 2002.

Rehearing Denied Oct. 28, 2002.

John J. Connors, Law Office of John J. Connors, P.C., and Robert John, Law Office of Robert John, Fairbanks, for Appellant/Cross–Appellee.

Craig B. Partyka, Cook, Schuhmann & Groseclose, Inc., Fairbanks, for Appellees/Cross–Appellants.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

Joaquim "Jack" Fernandes appeals the following aspects of the superior court's decision in a nuisance case brought against him by Daniel and Joanne Portwine: (1) the court's use of the preponderance of the evidence standard; (2) the use of a six-year statute of limitations; (3) the denial of his request for a jury view of the premises; (4) the court's finding that the Portwines' use of their premises was grandfathered; (5) the court's finding that he was not the prevailing party; and (6) the finding that he did not better his offer of judgment. The Portwines cross-appeal, challenging the superior court's determination that: (1) they are not the prevailing parties; and (2) they did not better their offer of judgment. Because the superior court did not err, we affirm the decision in its entirety.

## II. FACTS AND PROCEEDINGS

Fernandes and the Portwines own adjoining multi-lot properties on Alaska Way in Fairbanks. Both families own rental units on their properties. The Portwines claim that Fernandes and his tenants, over the course of ten years, kept incessantly barking dogs penned or staked outdoors. They claim that from 1989 to 2000 Fernandes used an open-bed truck, parked in front of one of his rental units, to collect and store his tenants' garbage, that the truck was infrequently emptied, that the stench of rotten garbage would enter the Portwine property, and that animals would strew the garbage onto the ground and into the street. They complained that Fernandes's tenants were exceedingly noisy, played car and home stereos at excessive volumes, that there was often suspicious activity around the apartments, and that Fernandes's tenants and the tenants' pets routinely trespassed on their property.

The Portwines brought suit, claiming that Fernandes had created a public and private nuisance and seeking to permanently enjoin Fernandes and his tenants from keeping barking dogs, trespassing on the Portwines' property, storing garbage in an open truck, or loudly playing home or car stereos.[1] They further sought to enjoin Fernandes from adding to his rental units, and requested damages and reasonable costs and attorney's fees. Fernandes counterclaimed, asserting that the Portwines engaged in per se defamation against him. He further asserted

---

1. Eventually the Portwines also complained about signs on Fernandes's four-plex advising tenants where to put their garbage.

that the Portwines used their residentially zoned property for non-permitted commercial/industrial uses by storing heavy equipment and debris associated with their plumbing business, which he sought to enjoin. He also sought damages, as well as reasonable costs and attorney's fees. Fernandes submitted offers of judgment pursuant to Civil Rule 68 and AS 09.30.065. The Portwines also made offers of judgement. None of the offers was accepted.

Prior to trial, the superior court ruled that the injuries claimed were in the nature of interference with the Portwines' real property rights and that AS 09.10.050 therefore applied. Alaska Statute 09.10.050 imposes a six-year limitations period for actions of trespass on real property. The court also denied Fernandes's request for a jury view of the premises under Civil Rule 48(c).

Following trial, the jury found that Fernandes did create a nuisance on his property. The jury found that no money damages should be awarded, but that an injunction should issue that "no staked out or penned dogs allowed west of Alaska Way on [Fernandes's] property and current waste management practices (commercial waste removal) shall remain in place on [Fernandes's] property." The jury further found that the Portwines did not defame Fernandes, and that therefore no money damages were appropriate. The superior court did not ask the jury to rule on damages relating to loss of market or rental value or to determine whether a permanent nuisance existed that could not be remedied, because the court found that there was insufficient evidence to support such findings.

Following return of the verdict, the superior court issued an order for injunctive relief "prohibit[ing] [Fernandes] from permitting his tenants to have dogs that are penned or staked outside of the residence other than for short periods during the day time, i.e. more than two hours," and requiring Fernandes to "maintain a commercial waste removal service such as currently in place." Although the judge opined that the signs on the side of Fernandes's four-plex should be removed, he explicitly did not enter an order to that effect. He also found that Fernandes was not disturbed by the plumbing business carried on from the Portwines' property, and accordingly did not issue an injunction against the Portwines.

Both sides moved to be declared the prevailing parties and for costs and attorney's fees. The superior court found that "[b]oth parties ... prevailed on some issues and lost on others. Viewing the matter as a whole, the Court concludes that neither party can be considered the 'prevailing party' for purposes of Rule 82." The judge further found that neither party had bettered its offers of judgment, and therefore held that each party should bear its own costs and fees. Both parties appeal.

## III. STANDARD OF REVIEW

 Whether the trial court used the appropriate burden of persuasion "presents a question of law to which this court applies its independent judgment, adopting the rule of law that is most persuasive in view of precedent, reason and policy."[2] Similarly, we will apply our independent judgment when interpreting and applying statutes of limitation.[3] We review a trial court's decision to deny a request for a jury view for abuse of discretion.[4] We review a trial court's factual findings under a clearly erroneous standard. A factual finding is clearly erroneous when we are "left with a definite and firm conviction on the entire record that a mistake has been made."[5] "The question of whether an offer of judgment is more favorable to the offeree than the judgment is a question of law which we review de novo."[6] "We review awards of

2. *Spenard Action Comm. v. Lot 3, Block 1 Evergreen Subdivision*, 902 P.2d 766, 774 (Alaska 1995).

3. *Pedersen v. Flannery*, 863 P.2d 856, 857 n. 1 (Alaska 1993).

4. Alaska R. Civ. P. 48(c); *Hampton v. State*, 623 P.2d 318, 319 (Alaska 1981).

5. *Jenkins v. Handel*, 10 P.3d 586, 589 (Alaska 2000).

6. *Andrus v. Lena*, 975 P.2d 54, 57 n. 1 (Alaska 1999).

costs and attorney's fees for abuse of discretion, which exists if an award is arbitrary, capricious, manifestly unreasonable, or improperly motivated. We interpret our civil rules de novo...."[7] A trial court's prevailing-party decision is reviewed for abuse of discretion.[8]

## IV. DISCUSSION

### A. The Superior Court Did Not Err in Not Requiring the Portwines To Prove Nuisance by Clear and Convincing Evidence.

 Fernandes argues that the superior court erred in not requiring the Portwines to prove the existence of a nuisance by clear and convincing evidence, and instead allowing them to use the preponderance of the evidence standard.[9] Fernandes cites to *Spenard Action Committee v. Lot 3, Block 1 Evergreen Subdivision*[10] for the proposition that clear and convincing evidence is the correct standard for statutory nuisance cases. However, the statutes at issue in *Spenard Action* are quasi-criminal nuisance statutes.[11] *Spenard Action* itself points to the quasi-criminal nature of the statutes at issue in the case, and the heavy sanctions imposed under those statutes, in deciding that "the standard of proof should be one

which lies between the civil standard of a preponderance of the evidence and the criminal standard of beyond a reasonable doubt, that is, clear and convincing evidence."[12] The Portwines were not suing under the nuisance abatement statutes at issue in *Spenard Action,* and therefore the case is not applicable.

 Preponderance of the evidence is the general burden of persuasion in civil cases.[13] Other states use the preponderance of the evidence standard in nuisance cases.[14] We conclude that it is the correct burden of proof in this case. We therefore uphold the superior court's use of the preponderance of the evidence standard.

### B. The Superior Court Did Not Err in Applying a Six Year Rather than a Two Year Statute of Limitations.

 Alaska Statute 09.10.050 provides for a six-year period of limitations for "an action for waste or trespass upon real property." Fernandes argues that "trespass" as used in this section should be limited to claims resulting from a physical invasion of real property. The Portwines counter that trespass has a broader meaning that encompasses "[a]n unlawful interference with one's person,

---

7. *Kellis v. Crites*, 20 P.3d 1112, 1113 (Alaska 2001).

8. *Jaso v. McCarthy*, 923 P.2d 795, 801 (Alaska 1996).

9. Fernandes mentions in an argument caption that the court made no specific findings that would support a finding of nuisance. This point is not further developed in his brief and is therefore waived. *See Petersen v. Mutual Life Ins. Co. of New York*, 803 P.2d 406, 410 (Alaska 1990) (an issue given only cursory treatment in a brief will be treated as abandoned). In his reply brief, Fernandes objects to the jury verdict because the jury was asked whether he had created or permitted a private or public nuisance on his property. Fernandes claims that the public nuisance issue was disposed of on directed verdict, and that therefore the finding of nuisance is erroneous, because the jury verdict does not explain which type of nuisance is found. Fernandes did not raise this issue in his opening brief and therefore the argument is waived. *See Kellis*, 20 P.3d at 1114–15 (an argument not raised before trial court or in opening brief is waived).

10. 902 P.2d 766 (Alaska 1995).

11. *Spenard Action* involved a nuisance claim under AS 09.50.170–.240. *Id.* at 774.

12. *Id.* at 775.

13. *Addington v. Texas*, 441 U.S. 418, 423, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (the burden in typical civil cases is preponderance of the evidence); *Spenard Action Comm.*, 902 P.2d at 775 (the general civil standard is preponderance of the evidence); *Cavanah v. Martin*, 590 P.2d 41, 42 (Alaska 1979) ("The standard of proof in civil cases is proof by a preponderance of the evidence.").

14. *E.g., Mangini v. Aerojet General Corp.*, 12 Cal.4th 1087, 51 Cal.Rptr.2d 272, 912 P.2d 1220, 1225 (1996); *Bilodeau v. City of Bristol*, 38 Conn. App. 447, 661 A.2d 1049, 1051 (1995); *Hartzler v. Town of Kalona*, 218 N.W.2d 608, 610 (Iowa 1974); *Tenn v. 889 Assocs., Ltd.*, 127 N.H. 321, 500 A.2d 366, 371 (1985); *State v. Fermenta ASC Corp.*, 166 Misc.2d 524, 630 N.Y.S.2d 884, 892 (N.Y.Sup.1995); *Arnoldt v. Ashland Oil, Inc.*, 186 W.Va. 394, 412 S.E.2d 795, 804 (1991).

property, or rights."[15] They argue that all of the nuisances proved by them constituted an invasion of their right to use and peacefully enjoy their land.

The superior court agreed with the Portwines, noting that it "must look to the type of injuries claimed, as opposed to the causes of action pled, to determine which statute of limitations is appropriate...." Observing that in *McDowell v. State* this court stated that trespass "includes actions that allege an interference with the possessor's property rights"[16] and that the Portwines' nuisance action alleged an interference with their property right in the private use and enjoyment of their land, the court stated:

> Therefore, under the Alaska Supreme Court's jurisprudence in *McDowell*, there is little question that the six-year term under AS 09.10.050 applies. There might be situations where a plaintiff's injuries in a private nuisance action would not "allege an interference with the possessor's property rights" as *McDowell*, 957 P.2d at 970, requires for AS 09.10.050 to apply. But here, where Plaintiff alleges (remember, the Court looks to the injury), the inability to quietly enjoy their property because of loud barking dogs, improperly contained garbage, and what this Court will characterize as "obnoxious traffic," such injuries clearly fall within *McDowell's* definition of trespass.

We agree with the superior court that the six-year statute of limitations governs this case. "Trespass" has both a narrow and a broad meaning. The narrow meaning refers to an unlawful entry upon the

land of another.[17] The broad meaning encompasses, as we recognized in *McDowell* in a statute of limitations context, any "unlawful interference with one's person, property, or rights."[18] The broader definition here, as in *McDowell*, determines the meaning of AS 09.10.050. Using this definition, the Portwines' nuisance claims were encompassed by AS 09.10.050.

The superior court's application of AS 09.10.050 is bolstered by the rule of construction providing that where two statutes might reasonably apply to a claim, the statute that provides for the longer period is to be preferred. We applied this rule in *McDowell*: "[T]he defense of the statute of limitations is a legitimate, but disfavored, defense. We therefore have expressed a policy of applying the longer of two limitations periods if two limitations statutes apply to a claim."[19] We have applied the rule in a number of other cases.[20]

We therefore affirm the superior court's use of the six-year statute of limitations in this case.

### C. The Superior Court Did Not Err in Denying Fernandes's Request for a Jury View under Civil Rule 48(c).

Fernandes contends that the superior court abused its discretion in refusing to grant his motion for a jury view of the premises. He argues that because the trial judge chose to view the premises himself, he should have allowed the jury to do so.

Civil Rule 48(c) provides in pertinent part:

---

15. BLACK'S LAW DICTIONARY 1502 (6th ed.1990) quoted in *McDowell v. State*, 957 P.2d 965, 970 (Alaska 1998).

16. 957 P.2d at 970.

17. *See Parks Hiway Enters., LLC v. CEM Leasing, Inc.*, 995 P.2d 657, 664 (Alaska 2000), where we stated, but not in connection with a statute of limitations: "Trespass is an unauthorized intrusion or invasion of another's land, including subsurface areas."

18. *McDowell*, 957 P.2d at 970 (quoting BLACK'S LAW DICTIONARY 1502 (6th ed.1990)).

19. *Id.* at 971.

20. *E.g., Lee Houston & Assocs., Ltd. v. Racine*, 806 P.2d 848, 855 (Alaska 1991) ("[D]oubts as to which of two statutes is applicable in a given case should be resolved in favor of applying the statute containing the longer limitations period."); *Bibo v. Jeffrey's Rest.*, 770 P.2d 290, 296 (Alaska 1989) ("[P]reference given to the longer period of limitations when two periods reasonably may apply."); *Jenkins v. Daniels*, 751 P.2d 19, 22 n. 6 (Alaska 1988); *Safeco Ins. Co. v. Honeywell, Inc.*, 639 P.2d 996, 1001 (Alaska 1981) ("Where two constructions as to the limitations period are possible, the courts prefer the one which gives the longer period in which to prosecute the action.").

When the court deems proper, it may order a proper officer to conduct the jury in a body to view the property which is the subject of the litigation or the place where a material fact occurred and to show such property or place to it.

The language of the rule is permissive and implies broad discretion, stating that the court "may" order a jury view and leaving the decision up to what "the court deems proper." In his order denying Fernandes's request for a jury view of the premises, the judge wrote that his decision

was based on the Court's belief that a view of the scene would not assist the jury in resolving the disputes before it. There are adequate pictures available and the testimony has been extensive to illustrate the neighborhood. Further, the Court notes that there have been numerous changes over the years and the present appearance of the neighborhood is different than it was during much of the period complained of.

Given the broad discretion entrusted to the trial court under Civil Rule 48(c) and the reasoned decision of the superior court in denying the motion, we find that the superior court did not abuse its discretion in refusing to grant a jury view of the premises.

### D. The Superior Court Did Not Err in Refusing To Enjoin the Portwines' Plumbing Business.

██ Fernandes argues that the Portwines' commercial use of their property does not comply with Fairbanks North Star Borough Code of Ordinances 18.56.030, which governs grandfather rights for non-conforming uses, and that the superior court therefore erred in holding that the Portwines were entitled to grandfather rights to conduct their plumbing business from their residentially zoned property. In his counterclaims, Fernandes argued that the Portwines' use of their property violated zoning ordinances and created a private nuisance. After trial, the superior court found that the Portwines' use of the property was grandfathered, that Fernandes was not actually disturbed by the Portwines' use of their property, that the Portwines had improved the property over the years, and that no witnesses had found fault with the way they kept their property.

At trial, a former employee of the Department of Community Planning at the Fairbanks North Star Borough provided general testimony regarding grandfather rights and confirmed that he had never received a complaint about the plumbing business conducted from the Portwines' property. He expressed no opinions, however, about whether or not the Portwines' use of their property enjoyed grandfather rights. It does not appear that any other expert testified as to whether the Portwines were in compliance with local zoning ordinances, and if not, whether they were entitled to grandfather rights. Daniel Portwine testified as to the various uses of his property over time, but did not go into much detail. In his own testimony, the only references Fernandes made to the Portwines' use of their land were to say that they "have a lot of junk over there, parts and a lot of junk there," and "I don't care about Portwines doing this [their plumbing business] on property. I never—I never pay any attention what they do on his property."

We will only overturn the superior court's factual findings if they are clearly erroneous. Given the scant testimony regarding the Portwines' use of their land, the superior court did not err in finding that Fernandes's claim against the Portwines "was not established at trial."

### E. The Superior Court Did Not Err in Denying Both Parties Attorney's Fees under Civil Rule 82.[21]

██ Following trial both parties moved to be declared the prevailing party and for costs and attorney's fees under Civil Rule 82. The superior court found that "[b]oth parties ... prevailed on some issues and lost on others. Viewing the matter as a whole, the Court concludes that neither party can be considered the 'prevailing party' for purposes of Rule 82." The court concluded that "[t]he jury seems to have viewed this matter as ending in a draw and the Court certainly concurs. Under the circumstances, therefore, justice requires that each party bear its

---

21. Civil Rule 82 reads in pertinent part:
 (a) Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule.

own costs and fees." Both parties appeal, claiming to be the prevailing party.

We have held that "the trial court's discretion under Rule 82 is broad enough to warrant denial of attorney's fees altogether," so long as "[w]hen the trial court departs from the Rule's schedule of fees, the reasons for the nonadherence ... appear in the record."[22] Similarly, we have held that "where neither party can be characterized as the prevailing party, we have concluded that the superior court did not abuse its discretion in refusing to award either party attorney's fees."[23] The superior court's order regarding costs and fees states that both the jury and the court found for the Portwines on some claims for injunctive relief and for Fernandes on others, they found for the Portwines on the issue of defamation, and they did not award damages to either party. It therefore concludes that there is no prevailing party, and each party should bear its own costs and attorney's fees. The superior court's position that neither party prevailed is reasonable. We conclude therefore that it did not abuse its discretion in not awarding fees to any party.

### F. The Superior Court Did Not Err in Denying Both Parties Attorney's Fees under Civil Rule 68.[24]

▇ Prior to trial, Fernandes submitted offers of judgment pursuant to Civil Rule 68 and AS 09.30.065, offering to accept judgment in favor of the Portwines for $500 each, "inclusive of prejudgment interest, costs and attorney's fees," in settlement of "all legal claims and remedies" pled by the Portwines, and including dismissal with prejudice of Fernandes's defamation claim. The Portwines made offers of judgment suggesting that judgment be entered in their favor in the amount of $2,500 each, "inclusive of prejudgment interest, costs and attorney's fees," in settlement of "any and all legal claims and remedies pled by either" the Portwines or Fernandes, and including the dismissal with prejudice of both of Fernandes's counterclaims.[25] Neither party accepted the other's offer.

Following trial, both parties moved to be declared the prevailing party and for costs and attorney's fees. The superior court found:

Given the lack of a money judgment, [the Portwines] did not beat their offers of judgment and did not prevail at trial on this issue. While [Fernandes] did better than the $500 offered in his offer of judgment, [his] offer of judgment did not address the equitable claims against him or Count 2 of his counterclaim and was therefore not a comprehensive offer. Injunctive relief was entered against [Fernandes] that he did not formally acquiesce to prior to trial and [Fernandes] did not prevail

22. *Haskins v. Shelden,* 558 P.2d 487, 495–96 (Alaska 1976).

23. *City of Valdez v. Valdez Dev. Co.,* 523 P.2d 177, 184 (Alaska 1974). *See also Shepherd v. State, Dep't of Fish & Game,* 897 P.2d 33, 44 (Alaska 1995) (citing *Tobeluk v. Lind,* 589 P.2d 873, 877 (Alaska 1979) ("Where each party prevails on a 'main issue,' the court retains the discretion to not award any attorney's fees.")).

24. Civil Rule 68 reads in part:

(a) At any time more than 10 days before the trial begins, either the party making a claim or the party defending against a claim may serve upon the adverse party an offer to allow judgment to be entered in complete satisfaction of the claim for the money or property or to the effect specified in the offer, with costs then accrued. The offer may not be revoked in the 10 day period following service of the offer....

(b) If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer ... the offeree, whether

the party making the claim or defending against the claim, shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney fees incurred by the offeror from the date the offer was made....

25. Portwines' counsel submitted a letter that same day "supplementing" the Portwines' offers of judgment, and purporting to "end the entire current litigation, including both equitable and legal issues." The letter suggested that it was "for purposes of settlement," and suggested "terms to be included in an overall settlement." These suggestions included eliminating the dogs housed outdoors, use of regular covered dumpsters, removal of signs outside rental units, an agreement that one of Fernandes's lots would revert to a two-unit occupancy "upon transfer of the property from Mr. Fernandes to a successor in interest," an agreement by the Portwines not to object to completion of an addition on the Fernandes home, and the Portwines accepting $2,000 (instead of $5,000) from Fernandes if he removed a mobile home from his property.

with regard to Count 2 of his counterclaim. Therefore, the Court cannot conclude that [Fernandes] beat his offer of judgment at trial.

■ Fernandes's offer of judgment was not comprehensive, definite and unconditional; it did not encompass any of the equitable claims in this case and it failed to include one of his own two counterclaims. The goal of Civil Rule 68 is to encourage settlement and avoid litigation.[26] It would have served little purpose for the Portwines to accept Fernandes's offers of $1,000 damages without also settling the injunction claims. Both legal and equitable claims were based on the same set of facts, and settling only the legal claims would not have avoided litigation.

■ The Portwines contend that they did better than their offer of judgment, and are entitled to seventy-five percent of their reasonable and actual attorney's fees from the date the offer of judgment was made. The Portwines' offer of judgment included total damages of $5,000. They received no damages. Therefore they did not obtain a result more favorable than their offer of judgment. We accordingly affirm the superior court's denial of Rule 68 attorney's fees to both parties.[27]

## V. CONCLUSION

Because the superior court did not err in deciding any of the challenged aspects of this case, we AFFIRM the decision in its entirety.

BRYNER, Justice, not participating.

---

26. *Hayes v. Xerox Corp.*, 718 P.2d 929, 937 (Alaska 1986).

27. Fernandes further argues that the injunctions the court entered against his property constitute an unconstitutional taking and deny him equal protection of the laws. Fernandes did not raise these constitutional issues in his trial brief, and therefore waived the issues. *See Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 355 (Alaska 2001) ("As a general rule, we will not consider arguments for the first time on appeal."). Although our precedent allows for consideration of arguments not raised explicitly below if the issue is "1) not dependent on any new or controverted facts; 2) closely related to the appellant's trial court arguments; and 3) could have been gleaned from the pleadings," Fernandes's constitutional arguments do not fit within this exception. *Hoffman,* 32 P.3d at 355 (quoting *McConnell v. State,* 991 P.2d 178, 183 (Alaska 1999) (internal quotations and citations omitted)). We have also held that waiver will not be found where an issue raises plain error. *Hoffman,* 32 P.3d at 355 n. 29. But the court's decision was not plain error.