**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**WHITE–RODGERS CORPORATION, State Industries, Inc., and SEMCO Energy, Inc. d/b/a/ ENSTAR Natural Gas Co., Defendants.**

No. S–10530.

Supreme Court of Alaska.

Sept. 26, 2003.

Rod R. Sisson, Sisson & Knutson, P.C., Anchorage, for Plaintiff State Farm Fire & Casualty Co.

Patrick D. McVey, Riddell Williams P.S., Seattle, Washington, Thomas A. Matthews and Thomas L. Hause, Matthews & Zahare, P.C., Anchorage, for Defendants White–Rodgers Corp. and State Industries, Inc.

Madelon M. Blum, Lynch & Blum, P.C., Anchorage, for Defendant SEMCO Energy, Inc., d/b/a ENSTAR Natural Gas Co.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

---

**22.** *Bishop v. Clark,* 54 P.3d 804, 815 n. 32 (Alaska 2002).

**23.** *Kaiser v. Sakata,* 40 P.3d 800, 803 (Alaska 2002).

*OPINION*

PER CURIAM.

## I. INTRODUCTION

In 1995 a natural gas explosion destroyed the home of William and Sally Brook. Their insurer, State Farm, paid the Brooks' property damages. Nearly six years after the explosion, State Farm sued in federal court to recover its payments from three companies whose allegedly faulty products or negligent actions caused the explosion. On certification from the federal court, we now consider whether State Farm's claim for the Brooks' property damages is covered by Alaska's two-year "tort" statute of limitations or its six-year statute of limitations "for waste or trespass upon real property." Because we have recently held that the six-year statute for "trespass" attaches broadly to any alleged interference with a possessor's property rights, we conclude that the six-year limit governs State Farm's claim.

## II. FACTS AND PROCEEDINGS

This case arises on undisputed facts:

On March 23, 2001, State Farm Fire & Casualty Company ("State Farm") filed its original complaint, seeking to recover money it paid out to William and Sally Brook when their house was damaged in an explosion on March 25, 1995. State Farm alleges that the explosion was caused by a natural gas leak that State Farm traces to products manufactured, sold, or supplied by Defendants White–Rodgers Corporation, State Industries, Inc., and Semco Energy, Inc. d/b/a Enstar Natural Gas (collectively "Defendants").

More specifically, State Farm alleges that Defendant Enstar negligently inspected, installed, and/or maintained the natural gas service regulator, which controls (*i.e.*, reduces) the pressure of gas supplied to the residence from the higher "street pressure" of the main gas supply line. State Farm further alleges that a White–Rodgers gas control valve installed on a State Industries water heater was defective and/or negligently designed and/or manufactured, because it released gas when exposed to the "street pressure" of the main gas supply line.

Defendants moved for summary judgment arguing that State Farm's real property claims were not brought within the two-year statute of limitations of AS 09.10.070. State Farm concedes that the action was not commenced within two years, but contends that the six-year statute of limitations of AS 09.10.050 applies to its real property claims.

At the time pertinent to State Farm's claim, AS 09.10.070 provided in part: "A person may not bring an action ... for any injury to the person or rights of another not arising on contract and not specifically provided otherwise ... unless the action is commenced within two years." [1] In contrast, AS 09.10.050 provided in part: "Unless the action is commenced within six years, a person may not bring an action ... for waste or trespass upon real property[.]" [2] In considering the defendants' summary judgment motion, the federal district court predicted that the six-year trespass statute would likely apply to State Farm's claim. To support this conclusion, the court cited *McDowell v. State*,[3] which at that time was our most recent decision interpreting these two- and six-year statutory limits for similar claims. Nevertheless, because it found no Alaska Supreme Court case directly on point, the federal court certified the matter to us for resolution under Alaska Rule of Appellate Procedure 407.[4] We granted the federal

---

**1.** AS 09.10.070 was amended in 1997, after the Brooks' cause of action arose, but the parties agree that the pre 1997 version of the applicable statute of limitations applies to State Farm's claims. Moreover, the parties do not contend that the 1997 amendments would have any effect here, even if they applied.

**2.** Though AS 09.10.050 was recently amended in other respects, its trespass provision remains substantially identical.

**3.** 957 P.2d 965 (Alaska 1998).

**4.** Alaska Rule of Appellate Procedure 407(a) authorizes this court to answer "questions of law of this state which may be determinative of the cause then pending in the certifying court ... [if] there is no controlling precedent in the decisions of the supreme court of this state."

court's request and now answer the certified question.[5]

## III. DISCUSSION

When the federal court issued its certification request, our case law left the certified question unsettled. In *McDowell v. State,* we had declined to read the six-year statute of limitation's reference as adopting the narrow, historical distinction between "trespass"—a direct invasion of property—and "trespass on the case"—an indirect invasion;[6] looking instead to "the plain or common meaning of the term," we held that AS 09.10.050's six-year limit for "trespass upon real property" "is not restricted to actions that allege technical trespass, but instead includes actions that allege an interference with the possessor's property rights."[7] But as the federal court recognized in its certification order, *McDowell* might not control the present case. The complaint in *McDowell* alleged an interference with exclusive possession caused by a direct invasion onto the plaintiff's land—spilled or leaked petroleum seeping from adjacent property;[8] arguably, then, *McDowell's* broad reading of AS 09.10.050 might not be dispositive here, since State Farm's complaint alleges no direct, trespassory entry onto the Brooks' property.

After the federal court issued its certification order, however, we resolved this uncertainty in *Fernandes v. Portwine,* squarely extending *McDowell* to a nuisance claim that entailed no direct trespassory invasion.[9] Confirming *McDowell's* broad reading of the six-year trespass statute, our decision in *Fernandes* "look[ed] to the type of injuries claimed, as opposed to the causes of action pled,"[10] concluding:

> "Trespass" has both a narrow and a broad meaning. The narrow meaning refers to an unlawful entry upon the land of another. The broad meaning encompasses, as we recognized in *McDowell* in a statute of limitations context, any "unlawful interference with one's person, property, or rights." The broader definition here, as in *McDowell,* determines the meaning of AS 09.10.050. Using this definition, the Portwines' nuisance claims were encompassed by AS 09.10.050.[11]

The defendants in the present case attempt to distinguish *Fernandes,* arguing that State Farm's claim "sounds in" products liability or tort and alleges no "unlawful" entry onto or interference with the Brooks' property. But under the reading of AS 09.10.050 we adopted in *McDowell* and *Fernandes,* these distinctions have no legal consequence. Looking to the injuries claimed, rather than to the cause of action pled, we find that State Farm's claim for property damages alleges a substantial interference with the Brooks' right to possess and use their residence; and because this claim alleges wrongful conduct that would be actionable if proved, that is, conduct that would make the defendants legally liable for the damages, the nature of the alleged interference is "unlawful," as required by *Fernandes.* We thus hold *Fernandes* to be controlling precedent here.

## IV. CONCLUSION

Given the undisputed statement of facts certified by the federal court, we conclude that the six-year "trespass" statute of limita-

---

**5.** The United States District Court actually posed two separate questions: whether AS 09.10.050 would apply to "any alleged negligent or other tortious injury to real property" and, more specifically, whether State Farm's claim in this case constitutes "waste or trespass upon real property" under that provision. We choose to focus on the second, more specific question, finding it unnecessary to decide whether the six-year time limit would necessarily govern all claims for negligent and tortious injuries to real property. *Cf. Toner for Toner v. Lederle Lab., Div. of Am. Cyanamid Co.,* 779 F.2d 1429, 1433 (9th Cir.1986) (recognizing that a court accepting certification is not bound by the certifying court's phrasing and "may reformulate the relevant state law

questions as it perceives them to be, in light of the contentions of the parties").

**6.** 957 P.2d at 969–70.

**7.** *Id.* at 970.

**8.** *Id.* at 967, 970.

**9.** 56 P.3d 1, 5–6 (Alaska 2002).

**10.** *Id.* at 6 (approvingly quoting superior court's decision).

**11.** *Id.* (footnotes omitted).

tions in AS 09.10.050 governs State Farm's claims.