Arthur **MARTINEZ**, Appellant,

v.

**Young H. HA, M.D.,** Appellee.

No. S–9227.

Supreme Court of Alaska.

Nov. 17, 2000.

Gary Foster, Law Office of Gary Foster, Fairbanks, for Appellant.

Matthew K. Peterson, Clapp, Peterson & Stowers, Anchorage, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

### I. INTRODUCTION

Arthur Martinez appeals the superior court's grant of summary judgment to Dr. Young H. Ha on Martinez's claims of medical malpractice and failure to obtain informed consent. Because Martinez's appeal relies upon facts and allegations that were not properly submitted to the superior court, Martinez may not rely upon them in this court. We therefore affirm the grant of summary judgment by the superior court.

### II. FACTS AND PROCEEDINGS

#### A. Facts

Dr. Young H. Ha is an orthopedic surgeon who performed a total left knee replacement on Arthur Martinez in September 1995. Martinez alleges that after removing his stitches in October 1995, Dr. Ha rubbed Bacitracin into Martinez's wound with his bare

hand, and that Dr. Ha did not wash his hands before doing so.

During the course of treatment, Martinez received a deep infection of his left knee, which ultimately necessitated, among other things, a left knee fusion. An expert advisory panel concluded that the infection "most likely occurred as a result of poor wound healing." The panel noted that Martinez's "underlying medical condition ... included insulin dependent diabetes and vascular disease" and that this medical condition put Martinez "at significant risk" of developing the relevant complications. One panel member suggested that diabetics are about twice as likely as non-diabetics to develop infections.

### B.  *Proceedings*

Martinez filed suit in 1997, alleging that Dr. Ha's surgery and post-operative care were negligent. He later amended his complaint to allege that Dr. Ha failed to obtain his informed consent.

The superior court appointed an expert advisory panel at the request of Dr. Ha. The panel found, among other things, that there "was no evidence that the medical injury was caused by unskillful care."

A pretrial order originally scheduled trial for September 1998. Under the order, expert lists and reports were due on July 20, 1998.

Because Martinez had continuing medical problems, the trial was continued by stipulation of counsel. Superior Court Judge Charles R. Pengilly rescheduled the trial for May 3, 1999. Judge Pengilly also extended the deadline for the disclosure of expert witness lists to January 29, 1999, and stated that discovery would remain open until April 2, 1999.

Dr. Ha filed his expert witness list and disclosure on February 1.[1] The list included members of the expert advisory panel and other physicians who would testify on the issues of the standard of care, informed consent, and causation.

Martinez failed to disclose a list of experts by the due date. On February 9 Dr. Ha moved for an order to show cause why Martinez's experts should not be stricken. Dr. Ha argued that Martinez violated both the pretrial order and Civil Rule 26(a)(2), and that these violations prejudiced him.

Martinez did not respond to the motion. On March 2 Judge Pengilly issued an order to show cause, stating:

> The Court, having concluded that the Plaintiff failed to comply with this Court's order requiring the disclosure of expert witnesses by January 29, 1999, and further finding the Plaintiff in non-compliance with A.R.C.P. Rule 26(A)(2), enters the following order:

> Pursuant to the reasoning set forth in *Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164 (Alaska 1998), the Plaintiff is ORDERED to prove to this Court why his failure to comply with court orders was not willful;

> The Plaintiff is further ORDERED to show cause why this Court should not strike all, or some, of his proposed expert witnesses, or enter some other sanction set forth in Civil Rule 37(b) or (c);

> The Plaintiff is required to file a response to this Order within ten days of the filing of this Order with the clerk's office.

Martinez failed to respond to the order to show cause.

On March 24 Dr. Ha filed a motion for summary judgment and dismissal of the case. He argued that Martinez's experts should be struck because Martinez failed both to comply with the pretrial order requiring the disclosure of expert witnesses and to respond to the order to show cause. Dr. Ha then argued that summary judgment should be granted to him because without expert testimony, Martinez would not be able to establish a *prima facie* case of medical malpractice. In making this latter argument, Dr. Ha made reference to the expert advisory panel report, which stated that there is no evidence

---

1.  In his brief, Dr. Ha states that his filing of the expert witness list was timely. However, the list was due on January 29, which was a Friday, and the superior court did not stamp it "Filed" until February 1, which was a Monday. Martinez's counsel stamped the list "Received" on February 4. The record does not suggest, however, that either the superior court or Martinez took issue with any possible lateness of Dr. Ha's filing.

that Martinez's injury was caused by unskillful care.

Martinez failed to respond to the motion for summary judgment within the time period prescribed by Civil Rule 77(c).

On April 14 Judge Pengilly granted Dr. Ha's motion for summary judgment and dismissed Martinez's claims in their entirety. The order noted that Civil Rule 26(a)(2) required Martinez to disclose the opinions of the experts that he would use at trial, that the pretrial order and subsequent stipulation established January 29 as the last day to make the disclosure, and that Martinez failed to make the disclosure. Judge Pengilly then noted that he had entered an order requiring Martinez to show cause why the testimony of his experts should not be struck for violation of the discovery rules and the court's previous orders, and that Martinez had neither responded to the order nor disclosed any experts. As such, Judge Pengilly found that Martinez's failure to comply was willful under *Sykes v. Melba Creek Mining, Inc.*[2] and that sanctions were therefore appropriate.

Judge Pengilly also noted that trial was scheduled to begin in less than a month and that Dr. Ha was prejudiced by Martinez's failure to disclose. Judge Pengilly then precluded Martinez from offering any expert testimony on the standard of care, causation, and damages.

Because Judge Pengilly concluded that Martinez would be unable to establish even a *prima facie* case of medical malpractice without expert testimony, Judge Pengilly ruled that summary judgment was warranted since "there is no fact in dispute regarding the breach of any standard of care, and Dr. Ha has established, through the expert advisory panel report, that no medical malpractice was committed." Judge Pengilly dismissed Martinez's "claims in their entirety, and with prejudice," and directed Dr. Ha to prepare a final judgment.

Martinez opposed the summary judgment motion on April 20, six days after Judge Pengilly granted summary judgment to Dr.

Ha. The opposition did not address Martinez's earlier failures to show cause, disclose experts, or comply with the pretrial order.

Martinez's opposition did, however, make reference to deposition testimony that was relevant to the issues of medical malpractice and informed consent. Attached to the opposition was further deposition testimony. The record reflects that this opposition was the first instance in which Martinez notified the court of admissible evidence regarding either of his causes of action.

The opposition was returned to Martinez, with an attached civil deficiency memo stating: "Per judge's instructions. Case has been dismissed."

On April 30 Martinez moved for a one-day extension to file a motion for reconsideration. Judge Pengilly granted the motion for an extension. Martinez did not meet the deadline. On May 3 Martinez requested an extension of two business days to file a motion for reconsideration. Judge Pengilly also granted this motion. On May 5 Martinez filed yet another motion for a two-day extension, which was accompanied by an affidavit from counsel stating that he and his staff had been extremely busy, and that "no further extensions will be sought." Martinez then filed a motion for reconsideration on May 7, even though the court had not granted his third motion for a time extension. Judge Pengilly ultimately denied this third motion on June 11, 1999.

On the same day, Judge Pengilly entered an order of final judgment, which dismissed all of Martinez's claims with prejudice. On July 19 Judge Pengilly awarded Dr. Ha $7,192.90 in attorney's fees.

Martinez appeals.

### III. *STANDARD OF REVIEW*

We review grants of summary judgment *de novo*.[3] In doing so, we "must determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment on the law applicable to the established facts."[4] We

---

**2.** 952 P.2d 1164 (Alaska 1998).

**3.** *See Meyer v. State, Dep't of Revenue, Child Support Enforcement Div., ex rel. N.G.T.,* 994 P.2d 365, 367 (Alaska 1999).

**4.** *Id.* (internal quotation marks and citations omitted).

view "the facts presented in the light most favorable to the non-moving party."[5] "All factual inferences are drawn in favor of the non-moving party, and the existence of a dispute regarding any material fact precludes summary judgment."[6] This court "may affirm a grant of summary judgment on any basis appearing in the record."[7]

## IV. DISCUSSION

*The Superior Court Did Not Err in Granting Summary Judgment to Dr. Ha.*

Civil Rule 77(c) provides that a party has fifteen days to respond to a summary judgment motion. Martinez did not respond within that time.[8] His failure to file a timely response to the summary judgment motion followed repeated instances of failure to comply with various discovery orders. The superior court granted summary judgment to Dr. Ha on April 14, which was after Martinez's time to respond had expired. Martinez's attempt to oppose the summary judgment motion on April 20, after summary judgment had been granted to Dr. Ha, was ineffectual.

Civil Rule 77(k) provides that a party may seek reconsideration of a ruling within ten days of distribution of the ruling. Martinez did not do so, but did ask three times for extensions of time to file a motion for reconsideration. The first two requests were granted, but Martinez did not seek reconsideration within the time allowed. As with his ineffectual opposition to summary judgment, when Martinez finally moved for reconsideration, it was beyond the time limits for doing so, even as extended by the court.

Despite Martinez's manifest and repeated failures to present his case to the superior court, summary judgment in Dr. Ha's favor was not automatic. We have stated that a summary judgment movant "has no absolute right to summary judgment merely because the opponent fails to respond."[9] Even if a motion for summary judgment is unopposed, "the superior court may grant the motion only if otherwise appropriate under Rule 56."[10] Thus, the superior court must still determine whether there is any dispute as to a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law.

The expert advisory report was the only evidence that Dr. Ha referred to in his motion for summary judgment. The motion was unaccompanied by affidavits or deposition testimony. Dr. Ha had also not previously submitted to the superior court any affidavits or deposition testimony.[11]

Before the superior court ruled on the summary judgment motion, Martinez provided the superior court with no evidence whatsoever that would enable him to defeat a proper motion for summary judgment. While Martinez provides extensive quotes of relevant deposition testimony in his brief to this court, he did not notify the superior court of this testimony until *after* the superior court ruled against him.[12] The only substantive documents that Martinez presented

---

5. *Beilgard v. State*, 896 P.2d 230, 233 (Alaska 1995).

6. *Meyer*, 994 P.2d at 367.

7. *Denardo v. GCI Communication Corp.*, 983 P.2d 1288, 1290 (Alaska 1999).

8. Dr. Ha moved for summary judgment on March 24, 1999 and mailed Martinez the motion on March 25. Civil Rule 6(c) provides that if a party is served by mail, three days shall be added to the prescribed period for response. Three days from March 25 was March 28; Martinez therefore had until April 12 to respond to the motion. Martinez did not respond to the motion by that date.

9. *Bauman v. State, Div. of Family & Youth Servs.*, 768 P.2d 1097, 1099 (Alaska 1989).

10. *Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994) (internal quotation marks omitted).

11. Dr. Ha did submit a disclosure of expert witnesses, but the assertions made in that document would not support a denial of summary judgment because such assertions were not verified or made under oath. *See Bennett v. Weimar*, 975 P.2d 691, 694 (Alaska 1999) ("[A]ssertions of fact in unverified pleadings and memoranda cannot be relied on in denying a motion for summary judgment.") (quoting *Jennings v. State*, 566 P.2d 1304, 1309–10 (Alaska 1977)); *see also Alaska Rent–A–Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136, 1139 n. 3 (Alaska 1974) ("[S]tatements, not made under oath, may not be considered as evidence on a summary judgment motion.").

12. Moreover, Martinez never offered any explanation for his failure to file a timely response to the summary judgment motion.

to the superior court before that court ruled on the summary judgment motion were his complaint and his amended complaint. Allegations made in those unverified documents did not provide the superior court with sufficient grounds for denying Dr. Ha's motion for summary judgment.[13]

Thus, the expert advisory report was the only evidence that the superior court had before it in ruling on the summary judgment motion. Such a report "is admissible in evidence to the same extent as though its contents were orally testified to by the person or persons preparing it."[14] The report stated that "[t]here is no evidence that the medical injury was caused by unskillful care." Dr. Ha discussed this point in his motion to the superior court, stated that "[t]here are no facts disputing this evidence," and argued that "[t]his evidence establishes Dr. Ha's entitlement to judgment as a matter of law." Dr. Ha attached the expert advisory report as an exhibit to his motion.

As a result, the superior court was presented with uncontroverted evidence that Martinez could not prove at least one element of his claim. Because of this, we hold that the superior court did not err in granting summary judgment to Dr. Ha.

## V. CONCLUSION

Because Dr. Ha presented the superior court with uncontroverted evidence that Martinez could not establish a *prima facie* case and Martinez failed to provide any factual support for his claims to the superior court until after it had reached a final decision, we AFFIRM the superior court's grant of summary judgment to Dr. Ha.

---

13. *See Bennett,* 975 P.2d at 694.

14. AS 09.55.536(e).