Robert J. **HENRICHS**, Derenty Tabios, and Robert E. Burk, Appellants,

v.

**CHUGACH ALASKA CORPORATION**, Appellee.

No. S–12878.

Supreme Court of Alaska.

Aug. 26, 2011.

---

Fred W. Triem, Petersburg, for Appellants.

Robert H. Hume, Jr., Landye Bennett Blumstein LLP, Anchorage, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and CHRISTEN, Justices, and BOLGER, Justice pro tem.*

## OPINION

BOLGER, Justice pro tem.

### I. INTRODUCTION

Robert J. Henrichs, Derenty Tabios, and Robert E. Burk are shareholders and former directors of Chugach Alaska Corporation who ran for election to the Chugach board in 2005. These former directors sued Chugach because their names were excluded from the board's corporate proxy materials and because Chugach did not provide them with shareholder information for their own proxy campaigns within the time frame they demanded. The superior court granted Chugach summary judgment on all claims and the former directors now appeal. We affirm because Chugach was not required to deliver the information the former directors demanded and because Chugach's conduct did not otherwise violate their rights as board candidates.

### II. FACTS AND PROCEEDINGS

Chugach is a corporation organized under Alaska law; its principal place of business is in Anchorage. Chugach's governing body is a nine-person board of directors whose members serve staggered, three-year terms. The shareholders nominate and elect three directors each October at Chugach's annual shareholders' meeting.

For each annual meeting, Chugach uses a proxy system that allows shareholders to vote for board directors without attending the meeting in person. Shareholders send written proxies to Chugach's Inspector of Elections, giving the proxy committee the authority to vote the shareholders' shares on their behalf. On the proxy, a shareholder indicates the candidate or candidates for which the shareholder wants to vote.

Prior to each meeting, Chugach's board of directors solicits proxies from the shareholders. Each shareholder receives from the board a proxy statement explaining the proxy system, a voter's guide providing information about candidates, and a proxy form. The proxy form gives the shareholder the option to vote for a board-endorsed slate of candidates or to allocate votes among candidates of the shareholder's choice. Submitting an eligible and timely proxy typically makes a shareholder eligible for cash prizes.

The proxy committee of Chugach's board, composed of the directors not running for reelection, reviews the applications of candidates who wish to be endorsed by the board and included in the proxy materials. It then recommends candidates to the board, which decides whether to endorse the candidates in the proxy materials.

Henrichs and Tabios were members of Chugach's board of directors leading up to the October 15, 2005 shareholders' meeting, at which time their seats were set to expire. Each sought reelection. Burk had previously served as a director for Chugach, and he also ran for election.

All three men applied to be board-endorsed candidates. The board rejected their applications and informed them that their names would not be included in Chugach's corporate proxy material. The board also informed them that they could run as independent candidates and distribute their own proxy materials.

---

\* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

On August 21, 2005, Henrichs sent a letter to Chugach requesting a list of shareholder addresses and the number of shares owned by each shareholder. Burk and Tabios also sent letters to Chugach requesting the shareholder list. On September 1, after receiving no reply, Henrichs filed suit in the superior court, claiming AS 10.06.430 and AS 10.06.450(d) required Chugach to provide the shareholder information he sought. Tabios joined the suit as a plaintiff five days later on September 6.

On September 7 Chugach emailed to Henrichs, Tabios, and Burk shareholder lists that included the names, the number of shares held, and the addresses for all shareholders. The emails explained that the record date—the date for determining the shareholders entitled to vote at the 2005 annual meeting—was the previous day, and that the shareholder lists were finalized at that time.

Chugach made its first motion for summary judgment on September 9, claiming it had provided all of the information that Henrichs and Tabios requested.

In the meantime, Chugach proceeded with preparations for the 2005 annual meeting. On September 9 Chugach sent out its proxy materials, which did not include the information for Henrichs, Tabios, or Burk. The three men ran independent campaigns: Henrichs and Tabios sent out joint proxy materials; Burk sent out his own. None of the three was elected at the annual shareholders' meeting. The day after the annual meeting, Henrichs and Burk wrote letters to the election inspector asking to inspect the ballots cast at the annual meeting, but the inspector declined, citing the proxy rules that required board approval to inspect the ballots after the adjournment of the meeting.

In December 2005 the former directors filed an amended complaint adding Burk as a plaintiff and adding various challenges to the 2005 election.

The following year, Burk and Henrichs requested shareholder information for the 2006 annual meeting. Their letters requested that Chugach provide the shareholder lists in an electronic file, including each shareholder's telephone number and email address. In response, Chugach emailed to Burk and Henrichs an electronic spreadsheet containing the names, mailing addresses, number of shares, and voting status of all shareholders. But Chugach declined to provide the shareholders' telephone numbers and email addresses.

At an August 2006 hearing, the superior court granted Chugach's first motion for summary judgment. It ruled that Chugach provided the shareholder lists within a reasonable amount of time and that the former directors had not attempted to inspect the shareholder list at the corporation's registered office or principal place of business as required. The superior court also accepted the former directors' amended complaint. The former directors then filed another amended complaint, adding claims relating to Chugach's refusal to provide the shareholders' email addresses and phone numbers in 2006.

On November 17, 2006, Chugach filed a motion to dismiss all but two of the former directors' claims. Chugach attached thirteen exhibits to the memorandum in support of the motion. The superior court granted the former directors three extensions of time to file their response. But eventually, the superior court granted the motion—about two months after the third deadline passed without any response and more than a month after Chugach notified the court that the motion was ripe.

The court's order dismissed all of the former directors' claims with the exception of one relating to Chugach's "early bird prize" for prompt proxy returns and another relating to Chugach's election rule requiring that proxies be separately returned by mail. The court later clarified that it had treated the motion "as a summary judgment motion" even though the motion was labeled as a motion to dismiss. Three days after the motion was granted, the former directors filed a late opposition, attaching 25 exhibits. They also requested reconsideration of the order dismissing their claims, which the court denied.

The court later granted Chugach summary judgment on the two remaining claims and

entered a final judgment against the former directors. The former directors now appeal.

## III. DISCUSSION

### A. Standard Of Review.

 "We review the grant of a summary judgment motion de novo, affirming if the record presents no genuine issue of material fact and if the movant is entitled to judgment as a matter of law."[1] This de novo standard applies even when the motion is not opposed in the trial court.[2] "The interpretation of a statute is a question of law to which we apply our independent judgment, interpreting the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[3]

### B. The Superior Court Did Not Err When It Granted Summary Judgment To Chugach.

The former directors do not identify any disputed issues of fact that precluded summary judgment; instead, they advance numerous legal theories for why Chugach's conduct surrounding the 2005 and 2006 elections violated their rights. The former directors also argue that the superior court erred in treating Chugach's motion to dismiss as a summary judgment motion without giving them notice, and in "taking a default against" them because the motion was unopposed.

#### 1. General principles of corporate law

The former directors argue that by favoring the board candidates, Chugach violated

fundamental democratic principles established by public election cases[4] and rules of equity that promote fair shareholders' meetings.[5] But we conclude that we should refer to the Alaska statutes and regulations, and corporate bylaws that more directly relate to the questions raised in this appeal.

The bylaws of a corporation may contain any provision "not in conflict with law or the articles of incorporation," including "the time, place, and manner of calling, conducting and giving notice of" shareholders' meetings and "the manner of execution, revocation, and use of proxies."[6] Article II of Chugach's bylaws gives the board of directors the authority to conduct shareholders' meetings and to adopt rules for shareholder meetings, the election of directors, and "the solicitation, filing, and examination of proxies."

A director of a corporation such as Chugach generally must exercise corporate duties "in good faith, in a manner the director reasonably believes to be in the best interests of the corporation, and with the care, including reasonable inquiry, that an ordinarily prudent person in a like position would use under similar circumstances."[7]

#### 2. Shareholder list issues

 The former directors argue that Chugach failed to provide the shareholder information they sought in 2005 within a reasonable time, violating their right to information as directors under AS 10.06.450(d)[8] and their

---

**1.** *Beegan v. State, Dep't of Transp. & Pub. Facilities,* 195 P.3d 134, 138 (Alaska 2008) (citing *Matanuska Elec. Ass'n v. Chugach Elec. Ass'n,* 152 P.3d 460, 465 (Alaska 2007)).

**2.** *Newton v. Magill,* 872 P.2d 1213, 1215 (Alaska 1994).

**3.** *Parson v. State, Dep't of Revenue, Alaska Hous. Fin. Corp.,* 189 P.3d 1032,1036 (Alaska 2008) (citing *Grimm v. Wagoner,* 77 P.3d 423, 427 (Alaska 2003)).

**4.** *See, e.g., Red Lion Broad. Co. v. FCC,* 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969) (holding that the regulation of broadcasters under the fairness doctrine enhanced the broadcasters' right to free expression).

**5.** *See, e.g.,* Revised Model Bus. Corp. Act § 7.08(c) (2005) ("Any rules adopted for, and the conduct of, the meeting shall be fair to shareholders.").

**6.** AS 10.06.230(e).

**7.** AS 10.06.450(b).

**8.** AS 10.06.450(d) provides in relevant part:
A director has the absolute right at a reasonable time to inspect and copy all books, records, and documents of every kind and to inspect the physical properties of the corporation or a domestic or foreign subsidiary of the corporation. Inspection by a director may be made in person or by agent or attorney and the right of inspection includes the right to copy and make extracts.

right to information as shareholders under AS 10.06.430(b).[9] Chugach argues that it provided the information within a reasonable time, two days before it mailed out its own proxy statement and the notice of the annual meeting. The superior court rejected the former directors' arguments and granted summary judgment to Chugach on two alternative theories: (1) It concluded that Chugach provided the information within a reasonable amount of time; and (2) it concluded that the former directors had not "follow[ed] through on their stated intention ... to seek to inspect the shareholder list at the place of the registered office or principal place of business."

Under AS 10.06.430(a), Chugach was required to keep "a record of its shareholders, containing the names and addresses of all shareholders and the number and class of the shares held by each." And under AS 10.06.430(b), Chugach was required to make that record "reasonably available for inspection and copying" at the corporate office by a shareholder "upon written demand stating with reasonable particularity the purpose of the inspection." Also, under AS 10.06.450(d), any director of Chugach had "the absolute right at a reasonable time to inspect and copy all books, records, and documents of every kind." Both AS 10.06.430(b) and 10.06.450(d) allow for inspection "in person or by agent or attorney."

As the superior court noted, the former directors did not seek to inspect the shareholder information at Chugach's corporate office.[10] The former directors argue that AS 10.06.430(b) and 10.06.450(d) require the corporation to actively deliver the shareholder records to directors or shareholders who request them.

■ "[T]he threshold question in ascertaining the correct interpretation of a statute is whether the language of the statute is clear or arguably ambiguous."[11] The language of these statutes is clearly contrary to the former directors' position. Under AS 10.06.450(d), directors have only the right to "inspect and copy" books, records, and documents. And AS 10.06.430(b) provides shareholders with a right only to "inspection and copying." There is no mention in either statute of a right to have books, records, or documents delivered—electronically, by mail, or otherwise. The statutes require only that corporations permit directors and shareholders to inspect and copy the records in question.[12]

We therefore do not need to reach the issue of whether the time frame within which Chugach provided the former directors the shareholder information was reasonable. We hold that summary judgment was appropriate on the claims made under AS 10.06.430(b) and 10.06.450(d) because the former directors did not attempt to inspect and copy the 2005 shareholder records as required by these statutes.

The former directors also argue that these statutes required Chugach to provide the shareholders' phone numbers and email addresses in 2006. Our holding that these statutes only require corporations to permit inspection of corporate records disposes of this

---

9. AS 10.06.430(b) provides:
 A corporation organized under this chapter shall make its books and records of account, or certified copies of them, reasonably available for inspection and copying at the registered office or principal place of business in the state by a shareholder of the corporation. Shareholder inspection shall be upon written demand stating with reasonable particularity the purpose of the inspection. The inspection may be in person or by agent or attorney, at a reasonable time and for a proper purpose. Only books and records of account, minutes, and the record of shareholders directly connected to the stated purpose of the inspection may be inspected or copied.

10. Henrichs expressed his desire "to examine the shareholders['] addresses and make copies of

them" in Chugach's office in an August 2005 letter, but there is no indication in the record, or from the former directors, that Henrichs followed up on this request.

11. *FDIC v. Laidlaw Transit, Inc.*, 21 P.3d 344, 351 (Alaska 2001) (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 293 n. 4, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)) (alteration in original).

12. Both statutes provide that the right to inspect can be exercised "by agent or attorney," so there is no reason to interpret them as implying a right to delivery for a director or shareholder who is unable to be physically present to inspect the records.

argument. But we also note that none of the former directors was a Chugach director in 2006, and that they therefore had no rights under AS 10.06.450(d) at that time. We also note that AS 10.06.430(a) does not require a corporation to keep phone numbers and email addresses in its shareholder record, so AS 10.06.430(b) does not require corporations to permit shareholder inspection of that information.

### 3. Conversion of the motion to dismiss into a motion for summary judgment

After the superior court had entered summary judgment on the shareholder list issues, Chugach filed a motion asking the court to dismiss all but two of the remaining claims. The motion was labeled as a motion to dismiss, but it was supported by 13 exhibits. The critical exhibits were duplicates of exhibits that had been filed by the former directors in support of their motion for partial summary judgment the previous January. These exhibits included Chugach's articles of incorporation, its bylaws, its proxy rules, the notice of the 2005 annual meeting, the 2005 voter's guide, Chugach's 2005 proxy form, its 2004 annual report, and the former directors' requests to inspect the election ballots.[13]

The arguments in the motion to dismiss relied on these apparently uncontested exhibits. The essence of Chugach's arguments was that the legal rules embodied in these corporate documents authorized the board's actions with respect to the shareholders' meetings discussed above. The memorandum attached to the motion noted that Alaska Civil Rule 12(b) permitted the court to treat the motion as one for summary judgment, and stated that summary judgment should be entered in favor of Chugach if there was no genuine issue as to any material fact and if Chugach was entitled to judgment as a matter of law.

Several months passed. The former directors submitted three motions for extension of time, but they filed no response to the motion even two months after the deadline they suggested in their final request. On March 27, 2007, the court granted the motion to dismiss on the form provided by Chugach.

Three days after the order of dismissal, the former directors filed an untimely response. Their response referred to the 25 exhibits that they had filed in January 2006, including the main exhibits that Chugach relied on in its motion to dismiss. The former directors also submitted 25 additional exhibits, enclosed with a cover notice that indicated that the exhibits were submitted pursuant to Alaska Civil Rule 56.

In the untimely opposition, the former directors objected to summary judgment and requested additional discovery, but they gave no indication about exactly what discovery they were requesting, nor did they explain what steps they had already taken to conduct discovery.[14] The text of their argument depended on exhibits—the exhibits attached to Chugach's motion and those attached to the former directors' response. The response did not include any indication that the former directors controverted the facts stated in the exhibits attached to Chugach's motion; in fact, the former directors asked the court to consider the exhibits they had filed in January 2006 because they "provide[d] a factual basis for denying the pending motion to dismiss."

The former directors now argue that the superior court erred in treating Chugach's motion to dismiss as a summary judgment motion without giving them prior notice, and in "taking a default against" them because the motion was unopposed. Chugach argues that the former directors had adequate notice that the motion to dismiss would be treated as a summary judgment motion, and that the superior court appropriately consid-

---

13. The motion was also supported by the former directors' proxy statements, a letter from Henrichs, a timeline regarding the proxy filing deadline, and minutes of a board meeting amending the 2005 deadline for filing proxies.

14. To receive a Rule 56(f) continuance, a party "must not have been dilatory during discovery" and "must provide adequate reasons why additional time is needed." *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 758 (Alaska 2008) (citing *Hymes v. DeRamus*, 119 P.3d 963, 965 (Alaska 2005)).

ered the motion's merits rather than granting it simply by default.

Alaska Civil Rule 12(b) provides that, on a motion to dismiss, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." It further provides that if a motion to dismiss is treated as a summary judgment motion, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In other words, the superior court should give the non-moving party advance notice that a motion to dismiss has been converted to a motion for summary judgment so that the party can file an appropriate response.[15] When the superior court decides a motion under Rule 12(b)(6) without stating whether it is considering attached materials, this court has three options: "[W]e may reverse and remand for proper consideration, or we may review the superior court's decision as if the motion for dismissal had been granted after exclusion of outside materials, or as if summary judgment had been granted after conversion of the motion to dismiss into one for summary judgment." [16]

■ In this case, the superior court did not give the former directors any prior notice that it was converting the motion to dismiss into a motion for summary judgment. We must then determine whether that lack of notice prejudiced the former directors when they responded to the motion to dismiss. The critical issue is whether the former directors, as the non-moving party, "could have availed themselves of the opportunity to present evidence to oppose [the] motion if the superior court had expressly invited them to do so." [17]

As noted above, the former directors told the court they "ha[d] not yet had their discovery" and argued that the court had to give them "an adequate opportunity ... to submit additional proofs." But the former directors filed their own motion for summary judgment on all of their claims—even those disposed of by the superior court's March 2007 order—in late July 2007, months after they filed their untimely response. The July 2007 motion relied upon the same exhibits they attached to their untimely response to Chugach's motion to dismiss, including the exhibits they had filed in January 2006. In other words, they produced no new evidence even after they had a full opportunity to conduct discovery. From this we conclude that the former directors would not have submitted additional evidence, even if they had been given an express opportunity to do so.[18]

In this appeal, the former directors have asked us to review substantively most of the issues that the superior court decided in the converted motion to dismiss. As we determine these issues, we consider all of the exhibits that the former directors submitted, including those filed after the superior court entered its order granting Chugach's motion to dismiss. None of these exhibits raises any material issues of fact precluding summary judgment. Because we conclude that summary judgment was properly granted, the former directors suffered no prejudice from the conversion.

The former directors also argue that the superior court's written addendum showed that the court entered summary judgment by default because of their failure to file a timely response to Chugach's motion. Summary judgment should never be granted by default: A motion for summary judgment may be granted only if it is "otherwise appropriate" under Civil Rule 56(c).[19] But the superior court explained that it did not grant the motion by default; the court was convinced

**15.** *See Demmert v. Kootznoowoo, Inc.*, 960 P.2d 606, 609–10 (Alaska 1998); *see also Douglas v. Glacier State Tel. Co.*, 615 P.2d 580, 592 n. 28 (Alaska 1980); *Martin v. Mears*, 602 P.2d 421, 426 n. 10 (Alaska 1979).

**16.** *Kaiser v. Umialik Ins.*, 108 P.3d 876, 879 (Alaska 2005) (quoting *Reed v. Municipality of Anchorage*, 741 P.2d 1181, 1184 (Alaska 1987)).

**17.** *Douglas*, 615 P.2d at 592.

**18.** *See Douglas*, 615 P.2d at 592–93.

**19.** *Martinez v. Ha*, 12 P.3d 1159, 1162 (Alaska 2000) (quoting *Newton v. Magill*, 872 P.2d 1213, 1215 (Alaska 1994)).

that there were no genuine issues of fact and that Chugach was entitled to judgment as a matter of law. We agree with the superior court's conclusion.

#### 4. Proxy statement issues

■ The former directors make a number of arguments about the propriety of Chugach's 2005 proxy statements. They argue that Chugach failed to disclose that the election was contested and omitted the former directors' names in its proxy materials, thereby violating Alaska law. Chugach argues that it was not required to include the former directors' names in its proxy literature.

As a corporation under the Alaska Native Claims Settlement Act (ANCSA),[20] Chugach is subject to Alaska's proxy regulations for ANCSA corporations[21] but not federal proxy regulations. Under the state regulations a proxy statement may not contain any material misrepresentations.[22] Also, a corporate board's proxy statement must include "a description *of each nominee of the board . . . and of each director whose term of office will continue after the shareholders' meeting.*"[23]

Chugach was not required to include the former directors in the proxy statement because the board did not nominate them. And although Henrichs and Tabios were incumbent directors, Chugach was not required to include their names because their terms were scheduled to expire and therefore would not "continue after the shareholders' meeting."

■ The former directors also argue that Chugach's 2005 proxy statement did not disclose the compensation for the chairman and directors and other financial information about the corporation. The proxy regulations do require a statement of the individual compensation for the five most highly compensated officers.[24] But Chugach's 2005 proxy statement complied with this regulation, listing the compensation for the corporation's president and chief executive officer, its chief financial officer, its vice president, its controller, and its director of government services.

The proxy regulations also require a statement of remuneration for all officers and directors as a group "without naming them."[25] Chugach's 2005 proxy statement complied with this regulation, stating the "total remuneration distributed or accrued to the 27 officers and directors of [Chugach] and its subsidiaries during the fiscal year."

■ The former directors also argue that the proxy statement did not state the net value per share of stock. But a statement of value per share is not required by the proxy regulations.[26] Nonetheless, Chugach provided equivalent information: The proxy statement provided the number of shares outstanding, and the annual report stated the total value of the shareholders' equity. In summary, the proxy statement complied with all of the applicable proxy regulations regarding notice of compensation and other financial data.

■ The former directors also argue that Chugach acted illegally when it offered eligibility for early-bird prizes to shareholders who returned their proxies for "any proxy holder or candidate" by September 23, 2005.[27] They argue that this incentive is an illegal "distribution" in violation of various sections of the corporations code that discourage discrimination between holders of shares of the same class and series of stock.[28] They also argue that the prizes were "vote

---

**20.** 43 U.S.C. § 1602 (2000); 43 U.S.C. § 1606 (2008).

**21.** 3 Alaska Administrative Code (AAC) 08.315–.365 (1988).

**22.** 3 AAC 08.315(a).

**23.** 3 AAC 08.345(b)(1) (emphasis added); *see also* 3 AAC 08.335(e)(1).

**24.** 3 AAC 08.345(b)(2)(A).

**25.** 3 AAC 08.345(b)(2)(B).

**26.** *See* 3 AAC 08.345(a)-(b).

**27.** This early-bird issue is not affected by the conversion issue discussed in section III.B.3 above. The superior court granted summary judgment on the early-bird issue in response to a separate motion.

**28.** *See, e.g.,* AS 10.06.305(b), .313, .542.

buying" and that the deadline for eligibility was unfair.

A shareholder "distribution" is defined as "the transfer of cash or property ... without consideration, whether by way of dividend or otherwise." [29] The prizes are not "distributions" under this definition because eligibility for the prizes was granted in exchange for consideration: the early return of a valid proxy.[30]

Chugach's bylaws authorize this type of incentive (and the corresponding deadline) under the board's authority to adopt rules for the solicitation of proxies, and the incentive did not favor any candidate.

### 5. Other shareholders' meeting claims

The former directors also make a number of arguments in connection with the 2005 shareholders' meeting. They argue that the staggered terms for Chugach board members were illegal. But staggered terms are expressly permitted by AS 10.06.455(a).[31]

The former directors argue that Chugach "delays its annual meeting so far after the close of its fiscal year that shareholders do not have current financial data with which to evaluate the incumbents." But there is nothing in the record indicating that Chugach violated the requirements for distribution of its annual report.[32] And the law dealing with the scheduling of shareholders' meetings provides only that meetings "shall be held at the time as provided in the bylaws."[33] Chugach's bylaws provide that the annual meeting will be held on the "second Saturday in October of each year," and that is when the meeting was held in 2005.

The former directors argue that their right to inspect corporate records included a right to review and inspect the ballots from the election held at the 2005 annual meeting, and that Chugach violated that right. But Chugach's proxy rules provided that "after adjournment of the annual meeting" the inspector was required to maintain the ballots and to prohibit inspection "except upon written authorization from the Corporation in the form [of] a certified board resolution." This rule falls within the board's authority to provide for the election of directors.[34] Henrichs and Burk each wrote letters to the election inspector requesting to inspect the ballots cast at the meeting, but neither sought authorization from the board.

The motion to dismiss we discuss in section III.B.3 above included two claims that the former directors did not separately address in their appeal brief-claims related to a one-day change in the proxy deadline and assertions in Chugach's supplemental proxy statement. We see no prejudice in the conversion of the motion with respect to these issues. The proxy rules expressly permitted the board of directors to change the time by which proxies were due. The former directors suffered no prejudice from the change in the proxy deadline because the new date conformed to the deadline printed on their own proxy statements.

With respect to the supplemental proxy statement, the former directors alleged in their amended complaint that the statement cast their lawsuit in an unfair light. But in their untimely response to the motion to dismiss, they failed to discuss this issue at all. We have independently reviewed the record and find no issue of fact precluding summary judgment on this claim.

---

**29.** AS 10.06.990(17).

**30.** *See Demmert v. Kootznoowoo, Inc.*, 45 P.3d 1208, 1212 (Alaska 2002) (corporate encouragement for shareholder employment including transportation costs was not a discriminatory "distribution").

**31.** AS 10.06.455(a) provides in pertinent part:

If the board consists of three or more members, the articles of incorporation may provide that instead of electing all the directors annually the directors be divided into either two or three classes, each class to be as nearly equal in number as possible, with the term of office of directors of the first class to expire at the first annual meeting of shareholders after their election, that of the second class to expire at the second annual meeting after their election, and that of the third class, if any, to expire at the third annual meeting after their election.

**32.** *See* AS 10.06.411(a), .433(a).

**33.** AS 10.06.405(b).

**34.** AS 10.06.230(e).

The former directors make various other complaints about Chugach's conduct regarding the annual meeting. But none of these complaints appears to involve misconduct that violated any provision of Alaska law or the corporate bylaws.

## IV. CONCLUSION

For these reasons we AFFIRM the superior court's orders granting summary judgment and dismissing the former directors' claims against Chugach Alaska Corporation.